FILED'06 FEB 28 14:25USDC-ORP

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF OREGON**

**CHRISTOPHER WIMBERLY,**

          **Petitioner,**

v.

**UNITED STATES OF AMERICA,**

          **Respondent.**

**02-CR-195-BR**
**(04-CV-254-BR)**

**OPINION AND ORDER**

**CHRISTOPHER WIMBERLY**
Reg. No. 66433-065
Federal Correctional Complex, Victorville I
P.O. Box 5300
Adenanto, CA  92301

        Petitioner, *Pro Se*

**KARIN J. IMMERGUT**
United States Attorney
**FREDRIC N. WEINHOUSE**
Assistant United States Attorney
1000 S.W. Third Ave., Suite 600
Portland, OR 97204-2902
(503) 727-1000

        Attorneys for Respondent

1 - OPINION AND ORDER

**BROWN, Judge.**

This matter comes before the Court on Petitioner Christopher Wimberly's Motion for Reconsideration (#85).

For the reasons that follow, the Court **GRANTS** Petitioner's Motion for Reconsideration and, having reconsidered the merits of Petitioner's arguments, the Court **DENIES** Petitioner's request for the Court to alter or to amend its January 21, 2005, Opinion and Order denying Petitioner's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255.

## BACKGROUND

On June 6, 2002, the government issued a Superseding Indictment charging Petitioner with one count of Felon in Possession of a Firearm in violation of 18 U.S.C. § 922(g)(1). On November 20, 2002, Petitioner pled guilty to the one count.

Under the terms of the Plea Agreement, the government and Petitioner agreed to a Total Offense Level of 17 under the United States Sentencing Guidelines. The government agreed to recommend a sentence at the low end of the guideline range of 51-63 months and to recommend Petitioner's sentence "run concurrently with his state sentence for Unlawful Use of a Motor Vehicle."

On March 19, 2003, the Court sentenced Petitioner to a term of 49 months imprisonment after crediting Petitioner with two months for time served relating to "the conduct which gave

rise to the crime of conviction in this case." The Court, however, did not follow the parties' recommendation for a concurrent sentence. The Court instead ordered Petitioner's federal sentence to be served consecutive to the undischarged term of imprisonment for Petitioner's state conviction.

On February 17, 2004, Petitioner filed a Motion to Vacate or Correct Sentence Under § 2255. On September 27, 2004, Petitioner filed a Supplemental Motion to Vacate or Correct Sentence. In its Opinion and Order issued January 21, 2005, the Court denied both Motions. Among other things, the Court denied Petitioner's claim for ineffective assistance of counsel in which Petitioner alleged his counsel was ineffective because he failed to challenge the Presentence Investigation Report (PSR) on the ground that it reflected a prior Oregon state conviction for Unlawful Use of a Weapon as a crime of violence. At sentencing, the Court noted a Marion County Circuit Court jury found Petitioner guilty of Unlawful Use of a Weapon in violation of Or. Rev. Stat. § 166.220 following a trial, and Petitioner's conviction was affirmed on appeal. The Court further noted the Ninth Circuit earlier held a prior conviction based on an unlawful use of a weapon in violation of Or. Rev. Stat. § 166.220 was a crime of violence that justified enhancement of the defendant's sentence from a Base Offense Level of 14 to a Base Offense Level of 20. *See United States v. Terry-Crespo*, 356 F.3d

1170, 1177-78 (9th Cir. 2004). Accordingly, this Court concluded
Petitioner was not prejudiced by his counsel's failure to raise
the issue as to whether Petitioner's prior conviction was a crime
of violence because Petitioner could not have met his burden
under *Strickland v. Washington* to establish at sentencing that
there was a reasonable probability the result of the proceeding
would have been different. *See* 466 U.S. 668, 678, 694 (1984).
On February 22, 2005, Plaintiff filed a Notice of Appeal.

On March 8, 2005, Petitioner filed a Motion for
Reconsideration of the Court's January 21, 2005, Opinion and
Order. The Court denied Petitioner's Motion for lack of
jurisdiction pending appeal. On June 10, 2005, the Ninth Circuit
dismissed Petitioner's appeal.

On November 21, 2005, Petitioner filed a Motion for
Reconsideration of the Court's January 21, 2005, Opinion and
Order on the ground that the Court erroneously enhanced his
sentence based on information in the PSR derived from a police
report describing Petitioner's unlawful use of a weapon.
Petitioner alleges the use of such information for this purpose
is prohibited by *Shepard v. United States*, 125 S. Ct. 1254
(2005).

## DISCUSSION

In *Shepard*, the Supreme Court addressed the issue whether a

4   - OPINION AND ORDER

"sentencing court can look to police reports or complaint
applications to determine whether an earlier guilty plea
necessarily admitted, and supported a conviction for, generic
burglary" in states with broader burglary definitions for
purposes of sentence enhancement under the Armed Career Criminal
Act (ACCA), 18 U.S.C. § 924(e).  *Id.* at 1257.  The defendant was
charged in the state court complaints with offenses that were
broader than generic burglary.  Because the defendant pled guilty
to the charges, "there were . . . no jury instructions that might
have narrowed the charges to the generic limit."  *Id.* at 1258.
The government urged the district court to examine reports
submitted by the police and "applications of issuance of
complaints" to determine whether the defendant pled guilty to
generic burglary.  *Id.*  The district court declined to do so
based on the Supreme Court's decision that a sentencing court
could "'look only to the fact of conviction and the statutory
definition of the prior offense.'"  *Shepard*, 125 S. Ct. at 1258
(quoting *Taylor v. United States*, 495 U.S. 575, 602 (1990)).  The
First Circuit reversed the district court's decision.  The
Supreme Court subsequently reversed the First Circuit and
affirmed the district court.  Although the Supreme Court rejected
the government's contention that the sentencing judge may "go[]
beyond conclusive records made or used in adjudicating guilt and
look[] to documents submitted to lower courts even prior to

5  - OPINION AND ORDER

charges," the Supreme Court held "guilty pleas [and convictions in tried cases] may establish ACCA predicate offenses and . . . *Taylor*'s reasoning controls the identification of generic convictions following . . . convictions on verdicts." *Id.* at 1259-60.

The facts of this case, however, are distinguishable from *Shepard*. The sentencing court in *Shepard* did not have any information other than the police reports to assist it in determining whether the defendant's conviction met the criteria of a general offense. Here Petitioner was tried and convicted by a jury of Unlawful Use of a Weapon in violation of Or. Rev. Stat. § 166.220. In addition, as noted, the Ninth Circuit has held a prior conviction based on the unlawful use of a weapon in violation of Or. Rev. Stat. § 166.220 is a crime of violence that justifies enhancement of a defendant's sentence. *Terry-Crespo,* 356 F.3d at 1177-78. Thus, under both *Taylor* and *Shepard* and in light of *Terry-Crespo*, Petitioner's conviction for Unlawful Use of a Weapon in violation of Or. Rev. Stat. § 166.220 is a proper basis for enhancing Petitioner's sentence. Even if this Court relied on information in the PSR that was taken from a police report, the Court also had additional information sufficient to provide a proper basis for enhancing Petitioner's sentence. The Court, therefore, declines to alter or to amend its Opinion and Order issued January 21, 2005 , denying Petitioner's Motion to

6  - OPINION AND ORDER

Vacate, Set Aside or Correct Sentence pursuant to § 2255.

## CONCLUSION

For these reasons, the Court **GRANTS** Petitioner Eduardo Martinez Wimberly's Motion for Reconsideration (#85), and, having reconsidered the merits of Petitioner's arguments, the Court **DENIES** Petitioner's request for the Court to alter or to amend its January 21, 2005, Opinion and Order.

IT IS SO ORDERED.

DATED this 27th day of February, 2006.

*anna j brown* (signature)

ANNA J. BROWN
United States District Judge

7  - OPINION AND ORDER